## CARDWELL v. CARDWELL.

### No. 10781.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 4, 1940.

Joe Burkett, of San Antonio, for appellant.

H. D. Barrow and R. R. Smith, both of Jourdanton, for appellee.

MURRAY, Justice.

This suit was instituted in the District Court of Atascosa County, Texas, by V. S. Cardwell, on July 30, 1939, against his former wife, Frances M. Cardwell, and Carl Hollingsworth, Esq., as receiver, seeking to set aside a judgment entered in that Court at its March Term, 1937, and also seeking an injunction against the receiver to prevent the threatened sale of certain property.

The petition was presented to the judge of that court, who ordered a temporary restraining order issued, restraining the receiver from making the sale until a hearing could be had, and set the cause for a hearing on the first day of the October Term of the District Court of Atascosa County, which was required to meet by statute, Art. 199, Vernon's Texas Civil Statutes, on the sixth Monday after the first Monday in August, which was in 1939 the 9th day of October of that year.

On Monday, October 9, 1939, neither the appellant V. S. Cardwell nor his attorney appeared. The court continued the cause until the next day, when again neither appeared, whereupon the Court dismissed the cause for want of prosecution.

Appellant appeared several days later, but during the same term of the Court, and filed a motion to set aside the order of dismissal and reinstate the cause. This motion was by the court overruled and V. S. Cardwell has prosecuted this appeal.

The only reason given by appellant and his counsel for not appearing at the time the cause was set for hearing was that they were under the impression that the District Court convened in Atascosa County on October 16th, instead of on October 9th. This was an insufficient reason for

the absence of appellant and his counsel on the day the case was set for trial. Bolls v. Galloway, 1 White & W. Civ.Cas.Ct. App. § 724.

The matter of reinstating this cause was a matter addressed to the discretion of the trial court, and there is nothing in the record to show that court abused its discretion in not reinstating the cause.

The judgment is affirmed.