Charles WATERS et al., Appellants,

v.

VICTORIA INDEPENDENT SCHOOL DISTRICT et al., Appellees.

No. 12865.

Court of Civil Appeals of Texas.

San Antonio.

May 11, 1955.

Rehearing Denied June 8, 1955.

Thos. H. Dent, Galveston, for appellants.

Guittard & Henderson, W. L. Edwards, Victoria, for appellees.

NORVELL, Justice.

This is an appeal from an order dismissing plaintiffs' suit upon their failure to amend their petition, after the trial court had sustained a plea to the jurisdiction, a plea in abatement and numerous special exceptions lodged against the pleading by the defendants. From the recitations contained in the order of dismissal which was rendered on January 3, 1955, it appears that the trial judge, after sustaining defendants' motions and exceptions on October 16, 1954, allowed the plaintiffs thirty days in which to amend their pleadings. At the expiration of such time, no amended pleadings having been filed, the time was further extended to January 1, 1955. As no amended pleadings were filed within the extended time, the case was dismissed with prejudice. On January 7, 1955, plaintiffs filed a motion which can be classified as a motion for new trial, within the provisions of Rule 329-b, Texas Rules of Civil Procedure, although it is designated as a "motion to reinstate the case upon the court's docket." This motion was overruled by the court on January 19, 1955, and an appeal taken to this Court.

All of plaintiffs' points of error are based upon this motion and assert in various forms the single proposition that the trial court erred in refusing to grant the motion to reinstate the case upon the docket and grant plaintiffs further time in which to amend their petition. Such points fail to show a reversible error. Upon the hearing of the motion, it was shown that although one of the members of the firm of attorneys representing plaintiffs had suffered an illness, another member had taken over the management of the case and, despite the extension of time allowed by the trial court, no amended petition had been filed within the extended period, nor was an amended pleading tendered for filing at the time the motion for reinstatement was urged. This Court is consequently unable to determine whether plaintiffs could or would amend so as to meet the rulings of the trial court.

The trial judge has control of his docket. He is entitled to call for pleadings and consequent joinder of issue within reasonable periods. In the absence of a showing of an abuse of discretion, his rulings and decisions in regard to such matters will not be disturbed by this Court, Cardwell v. Cardwell, Tex.Civ.App., 145 S.W.2d 635. The record fails to show an abuse of discretion and the order appealed from is accordingly affirmed.