**SUNBELT TECTONICS, INC.,**
**Appellant,**

v.

**Juan RAMIREZ, d/b/a Integral**
**Kitchens, Appellee.**

**No. 04–87–00345–CV.**

Court of Appeals of Texas,
San Antonio.

Nov. 26, 1987.

Rehearing Denied Dec. 22, 1987.

Loren W. Peters, San Antonio, for appellant.

Indalecio R. Guardiola, Laredo, for appellee.

Before ESQUIVEL, BUTTS and CHAPA, JJ.

## OPINION

BUTTS, Justice.

Defendant Sunbelt Tectonics, Inc. (Sunbelt) appeals from a default judgment by way of writ of error. TEX.R.APP.P. 45.

A party petitioning by writ of error for review of a judgment must satisfy three requirements: (1) the petition must be filed within six months after final judgment is signed; (2) the invalidity of the judgment must be apparent from the face of the record; and (3) the party must not have participated in the actual trial of the case. Rule 45, *supra*; *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 710–11 (1961). In this case the first requirement was met.

We will examine the record for the other requisites and in doing this we will also address Sunbelt's five points of error. These are, first, that the post-answer default judgment was error because Sunbelt failed to appear at the pretrial conference; second, that it was error to strike Sunbelt's pleadings for failure to appear at the [last] pretrial conference; third, that error resulted when Ramirez failed to offer evidence and prove his case as for judgment upon trial; fourth, that the trial court erred in entering judgment on the merits of the case without prior notice of a trial setting under Rule 245; fifth, that it was error to enter judgment on the merits of the case at a pretrial conference.

Juan Ramirez d/b/a Integral Kitchens (Ramirez) sued Sunbelt on a sworn account. Sunbelt filed its verified denial and a counterclaim for damages based on substandard workmanship. Docket entries indicate that Ramirez filed a Request for Admissions on August 28, 1986 and on September 15,

1986, filed plaintiff's Special Exceptions to the answer and counterclaim. Answers to the Request for Admissions are not in the record. On the last date noted a motion to set the case was filed. On October 10, 1986, the trial court's Notice of [Pretrial] Hearing was sent to both parties. This hearing, scheduled for November 10, 1986, was for the purpose of considering "plaintiff's special exceptions to defendant's counterclaim and answer thereto, and for pretrial conference, [and] court will assign the non jury trial date." The court's notice then stated:

Absence of trial counsel, or parties acting Pro Se, [who are directed] to be present at hearing will result in the Court imposing appropriate sanctions as allowed by law and as may be warranted, including dismissal for lack of prosecution, or allowing the taking of a default judgment, after striking pleadings and answer, without further notice to counsel or parties acting Pro Se.

Thank you for your attention to this matter.

The judgment recites as a finding that ... on November 17, 1986, in a hearing on Plaintiff's Special Exceptions, defendant agreed to amend its answer to conform with the allegations contained in Plaintiff's Special Exceptions, filed of record, and agreed to omit and withdraw its counterclaim alleging a violation of the Texas Deceptive Trade Practices Act. Defendant failed to file its amended answer.

Thus it is apparent that Sunbelt appeared at that hearing.

The record shows that following the November 17th hearing, Sunbelt was extended further opportunity to amend its pleadings. The time was extended to January 9, 1987, when another hearing was scheduled. However, from the record we learn that Sunbelt's attorney moved to withdraw as counsel and the court granted the motion to withdraw.

The record contains a letter, certified and return receipt requested, dated January 9, 1987, from Sunbelt's attorney informing Sunbelt that his motion to withdraw as counsel had been granted on that day. It further recites that "[A] copy of the proposed order is enclosed for your records." In addition it states:

The court has instructed me to instruct you on the following:

1. The next pre-trial conference in this case will be on January 23, 1987, in the 111th District Court, Webb County, Laredo, Texas.

2. Your presence and/or your new attorney's presence is required to avoid the possibility of a default judgment being entered against Sunbelt Tectonics, Inc. without further notice.

TEX.R.CIV.P. 21a provides that notice may be given in such other manner as the court in its discretion may direct. Since Sunbelt had twice appeared earlier, the court could direct that notice of the January 23 hearing be sent in this manner. Sunbelt does not deny it received this notice.

In any event, from November 10, 1986 until January 23, 1987, Sunbelt received resettings of pretrial hearings and still refused to amend.

The judgment recites that on the 23rd day of January, 1987, a pretrial hearing was heard wherein plaintiff made his appearance but "Defendant, Sunbelt Tectonics, Inc., although duly given notice on the 9th day of January, 1987, to appear, failed to appear." The recitation in the judgment that it had indicated the counterclaim would be withdrawn and its answer amended is not refuted by Sunbelt. In addition, there is no argument that the trial court improperly sustained the special exceptions to the answer. *See e.g., McCamey v. Kinnear,* 484 S.W.2d 150 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.).

Sunbelt argues only that the striking of the pleadings was error. Of course, the striking of the pleadings effectively did away with Sunbelt's answer and counterclaim. This would be analogous to dismissal of a plaintiff's suit. In *Ramirez v. Arguindegui Oil Co.,* 562 S.W.2d 524, 526 (Tex.Civ.App.—San Antonio 1978, no writ) this court wrote, "In the absence of a cura-

tive amendment, the dismissal was proper." *See* TEX.R.CIV.P. 63. That a trial court has the authority to strike pleadings for failure to amend is axiomatic.

In *Maldonado v. Puente,* 694 S.W.2d 86 (Tex.App.—San Antonio 1985, no writ) relied upon by Sunbelt, this Court found there was no basis in law for the trial court to strike the pleadings of the defendants and render default judgment. The only basis employed there was the failure of defendants to timely appear for jury selection in the case. This is clearly distinguishable from the present case. The court wrote, "Nothing in the record discloses the motive behind the trial court's decision to strike all of the Maldonados' pleadings."

Rule 166 provides, in part, that the court may in its discretion *direct* the attorneys for the parties and the parties or their duly authorized agents to appear before it for a conference to consider:

(a) All dilatory pleas and all motions and exceptions relating to a suit pending.

(b) The simplification of the issues;

(c) The *necessity or desirability of amendments to the pleadings;* (Emphasis added.)

\* \* \* \* \* \*

(g) Such other matters as may aid in the disposition of the action.

\* \* \* \* \* \*

When special exceptions addressed to a pleading are sustained, the party has two options available to him: 1) he may amend to meet the exceptions (as a matter of right); or, 2) he may stand on his pleadings, refuse to amend and test the validity of the trial court's ruling on appeal. *Hubler v. City of Corpus Christi,* 564 S.W. 2d 816, 820 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). In the present case Sunbelt refused to amend, despite the earlier statement that it would amend. Perhaps more important for purposes of appellate review, Sunbelt does not challenge the validity of the trial court's ruling on the special exceptions on appeal. In other words, there is no argument that the trial court improperly sustained the special exceptions to the answer and counterclaim.

*See, e.g., McCamey v. Kinnear, supra.* Sunbelt argues instead that it was error to strike its pleadings for failure to appear at the last pretrial hearing. This argument misapprehends the reason for striking the pleadings and the inherent authority of the trial judge who has extended to a party the right to amend after sustaining special exceptions to the pleadings. The well established rule that a trial court has broad discretion in ruling on special exceptions and that its ruling will not be disturbed on appeal absent a showing of abuse of discretion is discussed in *Hubler, supra,* at 820.

The power in this case to strike the pleadings belonged to the trial court from the time it ruled on the special exceptions. It is the use of that power with which the appellate court is concerned. Once special exceptions are sustained, a party has the absolute right to timely amend his pleadings. A trial court must afford him the opportunity to so amend. *See* TEX.R.CIV. P. 63. *Ainsworth v. Homes of St. Mark,* 530 S.W.2d 877, 878 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ).

In this case Sunbelt continued to refuse to amend its pleadings, although the trial court gave it the opportunity to do so from November 17, 1986 until January 23, 1987. On Sunbelt's refusal to amend after the trial court had sustained the special exceptions and given it the opportunity to amend, the trial court was empowered to strike the pleadings. *Compare, Gehrke v. State,* 363 S.W.2d 490, 491 (Tex.Civ.App.—San Antonio 1963, writ dism'd.).

The reason the trial court struck the pleadings was not for failure to appear, but for failure to amend. If the record before this court demonstrated that the trial court had failed to give Sunbelt an opportunity to amend its pleadings, this would be reversible error resulting from abuse of discretion. *Atkinson v. Reid,* 625 S.W.2d 64, 65 (Tex.App.—San Antonio 1981, no writ).

In this appeal Sunbelt makes no attempt to show it could have amended its answer and counterclaim or that it was denied the opportunity to do so. Nor does it claim that the court's sustaining of the special

exceptions was error. Its concern is with notice as to the January 23rd hearing.

Even if notice were the question in the case, which it is not, that the court had discretion to direct that notice be sent in the manner that it was is ascertainable from a reading of TEX.R.CIV.P. 21a. The record does not reflect a denial by Sunbelt that it received that notice. Sunbelt argues instead that the notice was not adequate.

The real question is whether the trial court was empowered to strike the pleadings of Sunbelt as reflected in the record on appeal. It was stated in *Waters v. Victoria Independent School District,* 279 S.W.2d 695, 696 (Tex.Civ.App.—San Antonio 1955, no writ):

> The trial judge has control of his docket. He is entitled to call for pleadings and consequent joinder of issue within reasonable periods. In the absence of a showing of an abuse of discretion, his rulings and decisions in regard to such matters will not be disturbed by this Court....

■ We hold that when Sunbelt continued to fail to amend its pleadings, the trial court did not abuse its discretion in striking the pleadings. The trial court then granted the default judgment on February 2, 1987. This was proper since nothing was left for the trial court to do except render judgment against Sunbelt. There were no controverted issues of fact remaining. The court, under these circumstances, was not obligated to set the case for trial before granting default judgment.[1] No abuse of discretion has been shown. The face of the record does not disclose the invalidity of the judgment. The second prong of appeal by writ of error has not been satisfied. The points of error are overruled.

### Attorney fees and damages

■ Attorney fees are by their very nature unliquidated damages unless the exact amount is fixed by agreement. There is no fixed amount here. TEX.R.CIV.P. 243 therefore requires evidence to be heard on the amount to be awarded as attorney fees in this default judgment.

On February 2, 1987, the court granted a default judgment in favor of Ramirez. The pleadings and judgment reflect the claim is based upon a sworn account. A claim is liquidated if the amount of damages can be accurately calculated by the court, or under its direction, from the allegations contained in the petition. The suit was for liquidated damages. *Stark v. Nationwide Financial Corp.,* 610 S.W.2d 193, 194 (Tex.Civ.App.— Houston [1st Dist.] 1980, no writ); *Freeman v. Leasing Associates, Inc.,* 503 S.W.2d 406, 408 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). However, it is noted that the sum of $14,591.11 is awarded in the judgment, while the allegations with exhibits of the account attached set out the sum of $13,701.91 owed. The prayer is for the last amount. Thus, the pleadings do not support the judgment for the larger sum. TEX.R.CIV.P. 47.

We reform the judgment to reflect recovery of damages on the sworn account to be the same as in the pleadings: the sum of $13,701.91. As modified, the judgment is affirmed in part; that part awarding attorney fees is reversed and remanded for evidence to be heard only on the question of attorney fees.

ESQUIVEL, Justice, dissenting.

The majority holds that the trial court struck Sunbelt's pleadings for failure to amend, and once the pleadings were struck, the default judgment was proper since no controverted issues of fact remained. I disagree.

The judgment states:

> The Court further finds that Defendant, Sunbelt Tectonics, Inc., has failed to appear for the second pre-trial hearing of this cause and accordingly the Court finds that Defendant's Original Answer should be stricken from the pleadings

---

1. In affirming *State v. Rotello,* 497 S.W.2d 290 (Tex.1973) the Supreme Court emphasized that it is not necessary to set a case for trial before it may properly be dismissed for want of prosecution. The same reasoning applies in a case where pleadings are properly struck and a default judgment entered.

filed in this cause, in its entirety, including Defendant's Counterclaim alleged against Plaintiff.

The Court further finds that upon default of the Defendant by its failure to appear at the scheduled pre-trial hearing of January 23rd, 1987, the Plaintiff should be granted a default judgment against the Defendant.

Thus, the trial court struck Sunbelt's pleadings and granted a default judgment because Sunbelt did not appear at the January 23rd hearing.

The issue, then, is whether the record shows proper notice of the January 23rd hearing. TEX.R.CIV.P. 166 and 21a. I would hold in the negative.

Although the judgment states that Sunbelt was given notice of the January 23rd hearing, the usual presumptions in favor of a judgment's validity are not indulged in a writ of error proceeding. *Wilson v. Industrial Leasing Corp.*, 689 S.W.2d 496, 497 (Tex.App.—Houston [1st Dist.] 1985, no writ). In other words, there must be prima facie evidence of proper notice in the record.

As noted by the majority, the record contains a letter from Sunbelt's former attorney, L. David Levinson. The majority finds that this letter serves as proper notice, since the court had discretion to direct the notice be sent in that manner, relying on TEX.R.CIV.P. 21a.

Rule 21a provides, in part:

Service by mail shall be complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.

TEX.R.CIV.P. 21a.

The record fails to affirmatively show that service was completed. There is no prima facie evidence of completed service in the record. Under Rule 21a,

A written statement by an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service.

None of these appear in the record. The only written statement is the letter from Levinson, which is not a statement that notice was received by Sunbelt. The letter is the purported notice, itself. Furthermore, the record reflects that on January 9, 1987, the court allowed Levinson to withdraw, and then the court reset the case to January 23rd without further notice. Levinson was not the attorney of record for Sunbelt when the case was reset nor when the letter was written.

The majority incorrectly shifts the burden to Sunbelt by stating that Sunbelt does not deny it received the letter. The question is whether *the record* shows proper notice. *See De La Fuente v. Castillo*, 740 S.W.2d 113 (Tex.App.—San Antonio, 1987, no writ).

Accordingly, I would hold that the record fails to affirmatively show that Sunbelt was given proper notice as required under TEX.R.CIV.P. 166 and 21a.

Even if the trial court struck down Sunbelt's pleadings and entered the default judgment for failure to amend, I would hold that the trial court abused its discretion.

The majority bases its opinion on the following recitation from the judgment:

... on November 17, 1986, in a hearing on Plaintiff's Special Exceptions, Defendant agreed to amend its answer to conform with the allegations contained in Plaintiff's Special Exceptions, filed of record, and agreed to omit and withdraw its counterclaim alleging a violation of the Texas Deceptive Trade Practices Act. Defendant failed to file its amended answer.

The majority states, "The record shows that following the November 17th hearing, Sunbelt was extended further opportunity to amend its pleadings."

I find nothing in the record to show any extension of time to amend. The record also fails to show the substance of any special exceptions. TEX.R.CIV.P. 91. The record does not show any order sustaining appellee's special exceptions. TEX.R.CIV. P. 166. The record does not show an

agreement by Sunbelt to amend. TEX.R. CIV.P. 11.

Whether the pleadings were struck because of Sunbelt's failure to appear or failure to amend, the trial court abused its discretion.

I would reverse and remand.