Hall v. City of Marlin 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-133-CV

     CLYDE ROYCE HALL,
                                                                                              Appellant
     v.

     THE CITY OF MARLIN, TEXAS,
                                                                                              Appellee
 

From the 82nd District Court
Falls County, Texas
Trial Court # 30,835
                                                                                                    

O P I N I O N
                                                                                                    

      Hall is appealing a judgment dismissing his suit against the City of Marlin. He has two points
of error. In his first point he argues that the court erred by striking his fifth amended petition. 
Second, he contends that the court erred by dismissing his case. We affirm.
      Hall filed his original petition on April 26, 1990, in Tarrant County against Torbett-Hutchings-Smith Clinic and related persons and entities alleging a claim for libel arising out of his
arrest in March 1989 based on a criminal complaint made by the defendants. On August 7, 1990,
Hall filed an amended petition. He then filed a second amended petition on March 8, 1991. None
of these petitions named the City of Marlin as a defendant.
      On March 26, 1991, Hall filed a third amended petition naming the City of Marlin as a
defendant; however, he made no specific allegations against the City. On April 19, 1991, the City
filed a special exception to Hall's third amended petition for its failure to state a cause of action
against the City. On July 18, 1991, the City's special exception was sustained, and Hall was given
until August 16, 1991, to amend his petition.
      Hall did not immediately amend his petition to state a cause of action against the City. On
November 1, 1991, the City filed a motion to dismiss for Hall's failure to comply with the order. 
A hearing was set for November 7, 1991, then reset at Hall's request for November 21, 1991. 
Hall sought another continuance, however, and the hearing was reset for January 7, 1992.
      On December 20, 1991, Hall filed a fifth amended petition alleging a civil rights violation
against the City under 42 U.S.C. § 1983. On January 6, 1992 the City moved to strike Hall's
petition. The court granted the City's previously filed motion to dismiss and the motion to strike.
      In his first point, Hall contends the court erred by striking his fifth amended petition because
he properly repled to meet the order sustaining the City's special exceptions. In his second point,
he argues that the court erred in dismissing his case because he properly stated a cause of action
against the City. Hall complains that the order sustaining the City's special exceptions was not
"filed" until October 24, 1991, after the date by which he was ordered to replead had passed. He
concludes that he was unfairly "denied the opportunity" to file an amended petition asserting a
cause of action against the City. However, judgments and orders are not required to be filed. 
Heard v. Heard, 305 S.W.2d 231, 234 (Tex. Civ. App.—Galveston 1957, writ ref'd). Thus, that
the order sustaining the special exceptions was not file-marked until after the date the amended
petition was due is irrelevant.
      A plaintiff has two options after a court has sustained special exceptions: (1) to amend his
petition to meet the special exceptions, or (2) to stand on his pleadings and test the validity of the
trial court's ruling. Sunbelt Tectonics, Inc. v. Ramirez, 742 S.W.2d 771, 774 (Tex. App.—San
Antonio 1987, no writ). When Hall permitted the August 16, 1991, deadline to pass without
action, he effectively chose to stand on his pleadings. See McCamey v. Kinnear, 484 S.W.2d 150,
153 (Tex. Civ. App.—Beaumont 1972, no writ). In other words, by failing to comply with the
unchallenged deadline in the court's order or explain that failure, Hall elected to stand on his
pleadings against the City and "test the validity" of the order sustaining the special exceptions. 
See Sunbelt, 742 S.W.2d at 774. 
      A motion to dismiss a cause is a matter ordinarily addressed to the sound discretion of the trial
court, and his action should not be disturbed except on a clear showing that it has abused its
discretion. City of Waco v. Texas Coffin Co., 472 S.W.2d 800, 804 (Tex. Civ. App.—Waco
1971, writ ref'd n.r.e.). Because Hall failed to comply with a court order, the court did not abuse
its discretion by granting the City's two motions. We overrule points one and two. The judgment
is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice
Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 3, 1993
Do not publish